UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| VIRGIL BALD EAGLE,<br><br>                Plaintiff,<br><br>  vs.<br><br>NURSE GREG, Pennington County Jail, official and individual capacities; NURSE NICOLE, Pennington County Jail, official and individual capacities; NURSE IAN, Pennington County Jail, official and individual capacities; NURSE PAM Pennington County Jail, official and individual capacities,<br><br>                Defendants. | CIV. 15-5039-JLV<br><br>ORDER GRANTING *IN FORMA PAUPERIS* AND DISMISSING CASE |

On May 14, 2015, plaintiff Virgil Bald Eagle, an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota, filed a complaint against the defendants. (Docket 1). Mr. Bald Eagle also moves for leave to proceed *in forma pauperis* and submitted a current copy of his prisoner trust account report. (Dockets 2 & 3).

Section 1915 of Title 28 of the United States Code, as amended by the Prison Litigation Reform Act ("PLRA"), governs proceedings filed *in forma pauperis*. When a prisoner files a civil action *in forma pauperis*, the PLRA requires a prisoner to pay an initial partial filing fee when possible. See 28 U.S.C. § 1915(b)(1). The initial partial filing fee is calculated according to § 1915(b)(1), which requires a payment of 20 percent of the greater of:

    (A)    the average monthly deposits to the prisoner's account; or

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Id.

In support of his motion, Mr. Bald Eagle provided a copy of his prisoner trust account report signed by an authorized prison official. (Docket 3). The report shows an average monthly deposit for the past six months of $41.75, an average monthly balance for the past six months of $7.90, and a current balance of $1.78. Id. In light of this information, the court finds Mr. Bald Eagle is indigent, qualifies for *in forma pauperis* status, and is not required to make an initial partial filing fee payment. These findings do not discharge the $350 filing fee, but rather allow a prisoner the opportunity to pay the filing fee in installments. See 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.").

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a complaint under § 1915(e)(2)(B)(i) and § 1915A(b)(1) as frivolous as "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327.

Because Mr. Bald Eagle is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

Mr. Bald Eagle used a Civil Rights Complaint By A Prisoner form. (Docket 1). Under Section A. Jurisdiction, Mr. Bald Eagle checked the box asserting jurisdiction under 1(a) 28 U.S.C. § 1343(a)(3), or 42 U.S.C. § 1983; and 1(b) 28 U.S.C. § 1331 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Id. at p. 1(a) & (b). The court's analysis presumes Mr. Bald Eagle intended to bring this action under § 1983.

Mr. Bald Eagle's complaint contains a single count. It alleges his Eighth Amendment rights were violated. (Docket 1 at p. 4). On the complaint form for the designation of the issues presented, Mr. Bald Eagle checked "Medical care"

3

and "Other." Id. His claim only concerns medical care. He claims he had a cyst on his tailbone. Id. He informed the medical staff, but they did nothing to treat it, and it burst. Id. He claims this caused him to contract a blood infection as well as meningitis, which almost killed him. Id. He was sent to the hospital to recover. Id. He claims the nursing staff is responsible for his injuries because they did not know what they were doing. Id. Mr. Bald Eagle claims injuries of a "Blood infection, Meninjitis [sic] septical [sic], hearing loss, nerve damage, and . . . suffered a feverish headache 24 – hours a day for a week with sever [sic] pain and suffering. Memory loss (short term)." Id.

Mr. Bald Eagle did not fully grieve his claim. Under "Administrative Remedies," he answered "yes" to the questions "Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?" and "Did you submit a request for administrative relief on Count I?" Id. He answered "no" to the question "Did you appeal your request for relief on Count I to the highest level?" Id. Mr. Bald Eagle explains, "I was in sever [sic] pain, deathly ill, headache so bad as to effect [sic] my train of thought and I was in the emergency room." Id. In the request for relief section of the complaint, Mr. Bald Eagle seeks money damages of two hundred thousand dollars. Id. at p. 7.

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies. Specifically, 42 U.S.C. § 1997e(a) provides:

4

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The prisoner must exhaust his administrative remedies even if the precise relief sought in his § 1983 lawsuit is not available through the prison grievance system. Booth v. Churner, 532 U.S. 731, 739 (2001). A plaintiff satisfies § 1997e(a) by "pursuing 'the prison grievance process to its final stage' to 'an adverse decision on the merits.' " Porter v. Sturm, 781 F.3d 448, 451 (8th Cir. 2015) (quoting Burns v. Eaton, 752 F.3d 1136, 1141 (8th Cir. 2014)). "[A] remedy that prison officials prevent a prisoner from utilizing is not ["available"] under § 1997e(a) . . . ." Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (internal punctuation and citations omitted). Mr. Bald Eagle does not claim the jail staff prevented him from using the grievance procedures, but rather that he was too sick to file a grievance.

"Nonexhaustion is an affirmative defense, and defendants have the burden of raising and proving the absence of exhaustion." Porter, 781 F.3d at 451 (8th Cir. 2015) (citing Jones v. Bock, 549 U.S. 199, 211-12 (2007)). The United States Supreme Court suggested, however, that failure to exhaust could be a basis for dismissal for failure to state a claim. Jones, 549 U.S. at 216. The United States Court of Appeals for the Eighth Circuit dismissed similar complaints without prejudice when a prisoner's allegations made it clear he did

5

not exhaust his claims. See Nash v. Lappin, 172 F. App'x 702, 703 (8th Cir. 2006).

Mr. Bald Eagle did not appeal his claim through the prison grievance system; it is therefore dismissed without prejudice. Mr. Bald Eagle should fully grieve his claim through the administrative process. If he is not satisfied with the jail grievance system, he may refile a claim with the court.

Although the court has not assessed Mr. Bald Eagle a strike under § 1915(g) for filing this complaint, Mr. Bald Eagle is warned that the court reviews prisoner complaints to determine if they are frivolous, malicious or unfounded.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Accordingly, it is

ORDERED that Mr. Bald Eagle's motion for leave to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the institution having custody of Mr. Bald Eagle shall, whenever the amount in Mr. Bald Eagle's trust account exceeds $10, forward monthly payments that equal 20 percent of the funds credited to the account the preceding month to the

Clerk of Court for the United States District Court, District of South Dakota, until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that, pursuant to 42 U.S.C. §1997e(a), Mr. Bald Eagle's complaint (Docket 1) is dismissed without prejudice for failure to fully exhaust all administrative remedies.

Dated September 23, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE